UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                              <u>DECISION AND ORDER</u>

                                              13-CR-6099L

              v.

JAMES MARSH,

                              Defendant.

_____

       This Court referred all pretrial matters in the case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Defendant James Marsh ("Marsh") is charged with conspiracy and related charges relative to the possession and distribution of oxycodone.

       Marsh duly filed motions, including a motion suppress evidence of two separate photographic identifications.  Magistrate Judge Payson conducted *Wade*[1] suppression hearings relative to the motions.  At the hearings, DEA Special Agent Sabatino Smith ("Smith") testified that he interviewed two witnesses, Anestacia Wilson ("Wilson") and Shantel Williams ("Williams").  Both witnesses testified that Marsh provided them with oxycodone or prescriptions for the drug, and both witnesses identified Marsh from separate photographic arrays.

       After taking testimony, Magistrate Judge Payson issued the first of two Reports and Recommendations (Dkt. #99).  In the first Report, filed February 27, 2014, the Magistrate Judge discussed the February 16, 2011 photographic identification procedure with the witness Wilson and a later, September 29, 2011 identification procedure with the witness Williams.  The testimony at

---

[1]*United States v. Wade,* 388 U.S. 218 (1967).

the hearing established that Williams was shown a six-person array (Exhibit "B").  This Court requested and has obtained the actual photographic arrays shown to the witnesses.

According to Smith's testimony, Williams reviewed the array briefly and then identified the subject as "Cowboy" or "James Morse."  She wrote both those names on the array itself and dated it, September 29, 2011.

The Magistrate Judge proceeded to consider whether the procedure was unduly suggestive so as to give rise to a substantial likelihood of misidentification.  *See Simmons v. United States,* 390 U.S. 377, 384 (1968).  As to the September 29, 2011 identification procedure with the witness Williams, Magistrate Judge Payson discussed the proceedings and described the photographs. Magistrate Judge Payson determined that this identification procedure was not impermissibly suggestive.

The Magistrate Judge also considered the identification procedure with the witness Wilson, which occurred on February 16, 2011.  This array consisted of eight photographs, marked as Exhibit "A."  The Magistrate Judge concluded that the issue of suggestiveness was sufficiently "close" to warrant proceeding to the second stage of the procedure outlined in *Wade*.  Therefore, the Magistrate Judge's first Report and Recommendation (Dkt. #99) recommended that this Court deny the motion to suppress as to the September 29, 2011 identification with the witness Williams.  The Magistrate Judge also scheduled that second phase of the *Wade* hearing to determine the independent reliability of the identification made by the witness Wilson.

The Magistrate Judge held that hearing on March 19, 2014,  at which the witness Wilson testified.  The witness had identified the defendant in the array, circled his picture and identified him as "Joe Black."

At the suppression hearing, Wilson identified the defendant in Court, said she knew him by the name Joe Black and that he was her cousin.  She testified further that she had known Black basically for her whole life and had seen him approximately one hundred times.

At the conclusion of the hearing, Magistrate Judge Payson stated on the record her recommendation that the motion to suppress be denied.  Magistrate Judge Payson found that the evidence at the suppression hearing demonstrated that the witness had known the defendant for many years because he was a relative.  The Magistrate Judge found no equivocation by the witness and, therefore, concluded that there was an independent basis for the identification.  Thereafter, on March 19, 2014 (Dkt. #102), the Magistrate Judge issued a brief Report and Recommendation, referencing her remarks in open court and recommended that this Court deny the motion to suppress.

Defense counsel duly field Objections (Dkt. #100, #107) to the initial Report and Recommendation and the later written Report and Recommendation.

The testimony of both suppression hearings has been prepared, and I have reviewed the transcripts.  As mentioned, I also have the original photographic arrays and have carefully reviewed them.  I accept and adopt the Magistrate Judge's Reports and Recommendations and specifically adopt her recommendation that the defendant's motions to suppress should be denied.

First of all, Magistrate Judge Payson found that there was no suggestivity or other impropriety relating to the display of the array to the witness Williams.  Williams identified the person depicted in Photograph #3 as "James Morse" and also as "Cowboy."  The Magistrate Judge concluded that the procedure was proper and that the witness could testify.  I have reviewed the array and find that it is a fair array depicting six black men with sufficiently similar characteristics.  Defendant's objections are rejected.

Next, as to the array (Exhibit "A") shown to the witness Wilson, I accept and adopt the Magistrate Judge's Report and Recommendation that based on the long- standing family connection between the witness Wilson and the defendant Marsh, there was an independent basis for any identification.  The witness was cross-examined and she did not waiver from her identification of the defendant whom she had known for many years.  Although the Magistrate Judge did not explicitly rule on whether the array was suggestive, on my review, it seems adequate and fair presenting eight black males that appear to be about the same age with similar characteristics.  I find

no suggestivity in the array and would deny the motion based on that finding.  But, clearly based on the testimony of the witness, even were the array considered suggestive, based on the witness's long-standing acquaintance and familiarity with the defendant, there is an independent basis for the identification and no basis to suppress.

CONCLUSION

I accept and adopt the Reports and Recommendations (Dkt. #99, #102) of Magistrate Judge Marian W. Payson.

Defendant's motion (Dkt. #86) to suppress evidence of two photographic identifications and any in court identification is denied.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 13, 2014.